**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| STATE OF NEW MEXICO ex rel. RAÚL TORREZ, Attorney General,<br><br>Plaintiff,<br><br>v.<br><br>DARREN K. INDYKE, in his individual capacity and in his capacity as the EXECUTOR FOR THE ESTATE OF JEFFREY E. EPSTEIN and ADMINISTRATOR OF THE 1953 TRUST; RICHARD D. KAHN, in his individual capacity and in his capacity as the EXECUTOR FOR THE ESTATE OF JEFFREY E. EPSTEIN and ADMINISTRATOR OF THE 1953 TRUST; ESTATE OF JEFFREY E. EPSTEIN; and THE 1953 TRUST,<br><br>Defendants. | **No. __________________**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE UNREDACTED COMPLAINT UNDER SEAL** |

Plaintiff State of New Mexico respectfully moves this Court to enter an order sealing the unredacted version of the State's Complaint in this action, which contains information subject to limitations on public disclosure by prior order and agreement.

In support of this request, the State avers as follows:

1. Contemporaneously with this request, the Attorney General of New Mexico, on behalf of the State, brings an action against Defendants named herein to ensure that that those who

facilitated and concealed Jeffrey E. Epstein's sexual abuse and human trafficking during his life, do not profit after his death from the illegal activity that they enabled and furthered. Much of this illegal activity occurred in Santa Fe County, New Mexico, on Epstein's "Zorro Ranch," which served as a hub for the criminal enterprise. The Attorney General brings the action pursuant to his authority under, *inter alia*, N.M. STAT. ANN. Sections 8-5-1 to -17 (1933, as amended through 1999); the New Mexico Racketeering Act, N.M. STAT. ANN. § 30-42-6 (1980); the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1591 to 1595; and his *parens patriae* authority to enforce the laws of New Mexico and protect the public interest, safety, health and well-being of persons in New Mexico.

2. The factual basis for the State's Complaint is derived, in part, from documents designated as "confidential" when produced pursuant to confidentiality agreements and a protective order in prior litigation or provided confidentially by another law enforcement agency.[1] The State's Complaint also incorporates confidential information obtained by the New Mexico Department of Justice ("NMDOJ") that would identify survivors of Epstein's sex trafficking.

3. The State requests that this Court exercise its discretion pursuant to Federal Rule of Civil Procedure 5.2(d) and (f) to permit the filing of an unredacted version of Plaintiff's Complaint under seal. Fed. R. Civ. P. 5.2(d) and (f); *Luo v. Wang*, 71 F.4th 1289, 1304 (10th Cir. 2023) ("Courts have discretion whether to seal or otherwise withhold judicial

[1] *See* Protective Order, *Gov. of the U.S. Virgin Islands v. JPMorgan Chase Bank, N.A.*, No. 1:22-cv-10904 (S.D.N.Y. Jan. 10, 2023), ECF No. 15.

records from the public."). The unredacted Complaint should be sealed for the following reasons:

a. A compelling interest supports sealing the court record here. "[T]he presumption in favor of access to judicial records may be overcome where 'countervailing interests heavily outweigh the public interests in access.'" *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (internal quotation marks omitted in original). The State has a strong interest in investigating violations of and enforcing the TVPA. The TVPA reflects a public policy in favor of permitting Attorneys General as *parens patriae* to bring civil actions against those benefitting from the trafficking of persons on behalf of the residents of their state. *See* 18 U.S.C. § 1595(d). Thus, sealing the unredacted complaint here will preserve the State's ability to maintain confidentiality of materials produced pursuant to cooperation between attorneys general addressing common harms caused by the Epstein enterprise in their respective jurisdictions. This will promote the ability of the State, through its Attorney General, to investigate violations of the TVPA and enforce the TVPA in the future through critical document sharing.

b. Additionally, the State has an interest in maintaining the integrity of its ongoing investigations. *See, e.g.*, *United States v. Pickard*, 733 F.3d 1297, 1303 (10th Cir. 2013) (citing *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1195 n.5 (9th Cir. 2011) and *Roviaro v. United States*, 353 U.S. 53, 59–62 (1957)) (articulating possible government interests in the sealing of records, including: "'the need to protect the identities and safety of confidential

informants,'" "'the need to protect an ongoing investigation,'" and "'the public interest in effective law enforcement'"). If the unredacted Complaint is not Sealed, the ability of the NMDOJ to conduct future criminal investigations may be undermined. Parties are often reluctant to produce materials in the course of such investigations if they believe confidential and identifying information will be released to the public.

c. Moreover, redacted portions of the State's Complaint include detailed accounts shared with law enforcement by survivors of sex crimes. Sexual assault and abuse are widely recognized as the type of highly sensitive and personal information appropriately shielded from public view in litigation. *See Williams v. N.M. State Univ.*, 348 F.R.D. 694, 703–04 (D.N.M. 2025) (stating that "several courts have held that there is another public interest at stake, which favors allowing alleged victims of sexual abuse or harassment to proceed anonymously: the public interest in avoiding the deterrent effect that public disclosure of the alleged sexual assault victim's identity might have on victims of sexual assault seeking to vindicate their rights" and collecting cases).

d. If the unredacted Complaint is not sealed, future witnesses and targets of investigations may be reluctant to cooperate. This sealing will also ensure the continued integrity of the NMDOJ's ongoing investigations into Epstein's trafficking enterprise.

e. The sealing proposed by the State is no more restrictive than necessary to protect the confidential information at issue from public disclosure. The State has filed a

redacted version of the Complaint on the public docket that discloses all publicly available material and only redacts the "still sensitive, and previously undisclosed, information," leaving the rest unredacted. *Pickard*, 733 F.3d at 1304. The redactions are narrowly tailored to ensure that all appropriate information regarding this filing remains available to the public. Accordingly, there is no less restrictive means available to protect the confidential information referenced or quoted in the Complaint.

WHEREFORE, Plaintiff the State of New Mexico respectfully requests that this Court enter an Order permitting the unredacted version of the State's Complaint to be filed under seal.

RESPECTFULLY SUBMITTED this 21st day of October, 2026.

**RAÚL TORREZ**
**ATTORNEY GENERAL OF NEW MEXICO**

By counsel,

*/s/ Aletheia V.P. Allen*
Aletheia V.P. Allen
*Solicitor General*

New Mexico Department of Justice
201 Third Street NW Suite 300
Albuquerque, New Mexico 87102
Phone: 505-527-2776
Email: aallen@nmdoj.gov