**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

STATE OF NEW MEXICO ex rel.
RAÚL TORREZ, Attorney General,

Plaintiff,

v. No. 1:26-cv-03543-MLG-JFR

DARREN K. INDYKE, in his individual capacity and in his capacity as the EXECUTOR FOR THE ESTATE OF JEFFREY E. EPSTEIN and ADMINISTRATOR OF THE 1953 TRUST; RICHARD D. KAHN, in his individual capacity and in his capacity as the EXECUTOR FOR THE ESTATE OF JEFFREY E. EPSTEIN and ADMINISTRATOR OF THE 1953 TRUST; ESTATE OF JEFFREY E. EPSTEIN; and THE 1953 TRUST,

Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE UNREDACTED COMPLAINT UNDER SEAL**

Plaintiff State of New Mexico ("the State") initiated this lawsuit by filing a redacted complaint, Doc. 1, so as to protect confidential information and the identities of sex trafficking victims. Doc. 2 ("Motion") at 2. The State now seeks leave to file an unredacted complaint under seal pursuant to Federal Rule of Civil Procedure 5.2(d) and (f). *Id.* "Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Nevertheless, there is "a presumption, long supported by courts, that the public has a common-law right of access to judicial records." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135 (10th Cir. 2011). To overcome the presumption, "[a] party seeking to

file court records under seal . . . . must articulate a real and substantial interest that justifies depriving the public of access . . . ." *Id.* (citation modified).

The State has met its burden. In support of its Motion, the State argues that filing the unredacted complaint under seal will further several compelling interests: preserving the confidentiality of materials acquired from attorneys working on similar cases in other jurisdictions; maintaining the integrity of the State's ongoing investigations; and protecting the identities of sex crime victims. Doc. 2 at 3-4. These considerations, combined with the fact that a redacted version of the complaint is publicly accessible, support permitting the State to file an unredacted complaint under seal. *See United States v. Pickard*, 733 F.3d 1297, 1303 & n.6 (10th Cir. 2013) (suggesting that protecting confidential information, ongoing investigations, and the identities of informants are government interests that may justify redaction or filing documents under seal). Accordingly, the Court grants the State's Motion, Doc. 2.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA